UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20930 CR-UNGARO
/TORRES

21 U.S.C. § 963
18 U.S.C. § 1956(h)
18 U.S.C. § 1512(k)
18 U.S.C. § 1951(a)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853



FILED by ___ TB
DEC 19 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.

UNITED STATES OF AMERICA

vs.

RODOLFO McTURK and
BENNY PALMERI-BACCHI,

                Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

1.     Jaime Alberto Marin Zamora was a Colombian manager of a drug trafficking organization that distributed cocaine from Colombia to Venezuela to Mexico and the Caribbean for distribution in the United States.

2.     Between 2006 and September 2010, Jaime Alberto Marin Zamora did conduct his drug trafficking business from Venezuela and did distribute thousands of kilograms of cocaine knowing that the cocaine would be unlawfully imported into the United States.

3.     On February 12, 2009, a Federal Grand Jury in the Southern District of Florida did indict Jaime Alberto Marin Zamora for conspiracy to distribute cocaine with the knowledge that such cocaine would be unlawfully imported into the United States. The indictment was numbered

09-20140-CR-SEITZ.

4. On February 12, 2009, the United States District Court for the Southern District of Florida did issue an arrest warrant for the arrest of Jaime Alberto Marin Zamora on the indictment in paragraph 3 above.

5. Defendant RODOLFO McTURK was a Venezuelan officer in the Venezuelan Police Agency known as the C.I.C.P.C., Cuerpo de Investigaciones Cientificas, Penales y Criminalisticas and was the Director of the International Police Office, Interpol, for Venezuela.

6. Defendant BENNY PALMERI-BACCHI was a Venezuelan attorney who served as a judge, prosecutor and attorney in the Venezuelan judicial system.

7. J.C.S. was the owner and operator of a realty company and a real estate school. Both of these companies did business in interstate and foreign commerce.

## COUNT 1

8. Paragraphs 1 through 7 of the Introduction section set forth above are re-alleged and incorporated in this count by reference as if fully set forth herein.

9. Beginning in and around February 2009, the exact date being unknown to the Grand Jury, and continuing until in and around September 2010, in the country of Venezuela, South America and elsewhere, the defendants,

**RODOLFO McTURK and
BENNY PALMERI-BACCHI,**

did knowingly and willfully combine, conspire, confederate and agree with Jaime Alberto Marin Zamora and other persons known and unknown to the Grand Jury, to distribute a Schedule II controlled substance, knowing that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of

Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B) it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, which is a Schedule II controlled substance.

## COUNT 2

10. Paragraphs 1 through 7 of the Introduction section set forth above are re-alleged and incorporated in this count by reference as if fully set forth herein.

11. Beginning in and around February 2009, and continuing through in and around September 2010, the exact dates being unknown to the Grand Jury, in the Country of Venezuela, South America, in Miami-Dade County in the Southern District of Florida, and elsewhere, the defendants,

**RODOLFO McTURK and
BENNY PALMERI-BACCHI,**

did knowingly and willfully combine, conspire, confederate and agree with Jaime Alberto Marin Zamora and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1512(c)(2); that is, to corruptly obstruct, influence and impede an official proceeding, that is, the prosecution in the United States District Court for the Southern District of Florida, of Jaime Alberto Marin Zamora in criminal indictment number 09-20140-CR-SEITZ, by delaying and preventing the extradition and expulsion of Jaime Alberto Marin Zamora from Venezuela to the United States.

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 3

12. Paragraphs 1 through 7 of the Introduction section set forth above are re-alleged

3

and incorporated in this count by reference as if fully set forth herein.

13. Beginning in and around February 2009, and continuing through in and around September 2010, the exact dates being unknown to the Grand Jury, in the country of Venezuela, South America, in Miami-Dade County in the Southern District of Florida, and elsewhere, the defendant,

**BENNY PALMERI-BACCHI,**

did knowingly and willfully combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is:

a) to knowingly conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

b) to knowingly conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c) to transport, transmit and transfer monetary instruments and funds to a place in the United States from and through a place outside the United States, knowing that the funds involved

4

in the transportation, transmission and transfer represented proceeds of some form of unlawful activity and knowing that the transportation, transfer and transmission were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

It is further alleged that the specified unlawful activity is conspiracy to distribute cocaine, a Schedule II controlled substance, knowing that such substance will be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2) and 963, and conspiracy to obstruct justice in violation of Title 18, United States Code, Section 1512(k).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 4

14. Paragraphs 1 through 7 of the Introduction section set forth above are re-alleged and incorporated in this count by reference as if fully set forth herein.

15. Beginning in and around December 2008, and continuing through April of 2012, the exact dates being unknown to the Grand Jury, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**BENNY PALMERI-BACCHI,**

did knowingly obstruct, delay and affect interstate and foreign commerce and attempt to obstruct, delay and affect interstate and foreign commerce as the term "commerce" is defined in Title 18, United States Code, Section 1951(b)(3), by "extortion" as that term is defined in Title 18, United States Code, Section 1951(b)(2) in that the defendant did wrongfully use actual and threatened force, violence and fear against "J.C.S.," his family and friends, in order to obtain from "J.C.S."

5

money and property with his consent induced by said wrongful use of force, violence and fear.

In violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which each of the defendants, **RODOLFO McTURK and BENNY PALMERI-BACCHI,** has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 963, as alleged in this Indictment, a defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2).

3. Upon conviction of a violation of Title 18, United States Code, Section 1512 or Section 1951, as alleged in this Indictment, a defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C).

4. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, a defendant shall forfeit to the United States any property, real or personal, involved in such violation, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

6

5. The property which is subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of $2,500,000.00 in United States currency, which sum represents proceeds of the offenses;

6. If any of the property described above, as a result of any act or omission of a defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). Specifically, said substitute property may include the following:

    1) the contents of Espirito Santo Bank Account Number 116456339;

    2) the contents of Wells Fargo Account Number 20000-47616154;

    3) the contents of Wells Fargo Account Number 1010121703233;

    4) the contents of Wells Fargo Account Number 1010121703071;

    5) the contents of Wells Fargo Account Number 1010121703107;

    6) the contents of Wells Fargo Account Number 1010121703372;

7)	the contents of Banco Santander International Client Number 740175.

All pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY

_____
ADAM S. FELS
ASSISTANT UNITED STATES ATTORNEY

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| RODOLFO McTURK and<br>BENNY PALMERI-BACCHI, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____ Defendants.  ____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

__X__ Miami _____ Key West
_____ FTL   _____ WPB   ____ FTP

New Defendant(s)           Yes ____   No ____
Number of New Defendants      ____
Total number of counts        ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect   Spanish

4. This case will take   10   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to  5 days   ____          Petty      ____
   II   6 to 10 days   _X__          Minor      ____
   III  11 to 20 days  ____          Misdem.    ____
   IV   21 to 60 days  ____          Felony     _X__
   V    61 days and over ____

6. Has this case been previously filed in this District Court?  (Yes or No)  ____
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   Yes
   If yes:
   Magistrate Case No.   12-mj-02410-PRP
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes   _X_ No

                                              _____
                                              RICHARD D. GREGORIE
                                              ASSISTANT UNITED STATES ATTORNEY
                                              Florida Bar No. 549495

*Penalty Sheet(s) attached                                              REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** RODOLFO McTURK

**Case No:**

Count #: 1

Conspiracy to Distribute Cocaine with Knowledge of US Importation

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Conspiracy to Obstruct Justice

Title 18, United States Code, Section 1512(k)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** BENNY PALMERI-BACCHI

**Case No:**

Count #: 1

Conspiracy to Distribute Cocaine with Knowledge of US Importation

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Conspiracy to Obstruct Justice

Title 18, United States Code, Section 1512(k)

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 4

Interfere with Commerce by Extortion

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.